NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARREN E. RICHARDSON, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Case No. 06-2340 (DMC) |
| | : | |
| MORRIS COUNTY CORRECTIONAL | : | |
| FACILITY, SHERIFF EDWARD V. | : | |
| ROCHFORD, CHIEF RALPH | : | |
| McGRANE, WARDEN FRANK | : | |
| CORRENTE, CAPTAIN COLLINS, | : | |
| CAPTAIN DEEMER, JOHN DOES AND | : | |
| JANE ROES 1-10, XYZ | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss for failure to state a claim upon which relief can be granted by Morris County Correctional Facility, Sheriff Edward V. Rochford, Chief Ralph McGrane, Warden Frank Corrente, Captain Collins, Captain Deemer, John Does and Jane Roes 1-10, XYZ ("Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion was decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i). After considering the submissions of the parties, and based upon the following, Defendants' motion to dismiss for failure to state a claim is **granted.**

### Background

Darren E. Richardson ("Plaintiff" or "Mr. Richardson") is a state pretrial detainee at the Morris County Correction Facility ("MCCF"). Plaintiff seeks relief from this Court alleging that

Defendants interfered with his access to the courts and his legal mail, provided him with an inadequate diet and subjected him to unconstitutional strip searches.

Plaintiff filed his original complaint on May 23, 2006, on behalf of several prisoners.  By Opinion dated May 31, 2006, this Court held that Fed.R.Civ. P. 20 did not permit this matter to proceed as multiple-prisoner litigation.  Therefore, this Court dismissed all other prisoner plaintiffs except Mr. Richardson and gave all plaintiffs, including Mr. Richardson, 30 days within which to indicate their intent to proceed by filing Amended Complaints asserting individual claims.

Consequently, on June 14, 2006, Plaintiff filed an Amended Complaint with this Court, pursuant to 42 U.S.C. § 1983, alleging that Defendants engaged in unconstitutional strip searches, denied legal telephone calls, delayed  mail delivery, searched legal mail outside of Plaintiff's presence, provided inadequate diet, issued dirty footwear and failed to provide sanitized mattresses.

On October 20, 2006, this Court entered an Order, *sua sponte*, dismissing three of the above seven claims asserted by Plaintiff and allowing the claims relating to the strip searches, access to courts, interference with legal mail and provision of inadequate diet to proceed.  On October 30, 2006, Plaintiff also filed an Application For Pro Bono Counsel.  Defendants now move for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

### Discussion

**Standard Of Review for Dismissal Under Fed. R. Civ. P. 12(b)(6)**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the

plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478,483 (3d Cir. 1988).   In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.   Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192,1196 (3d Cir. 1993).   Fed.R.Civ.P. 12(b)(6), provides that a claim may be dismissed by motion prior to the filing of a responsive pleading where "it does not state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with allegations,"a court shall dismiss a compliant for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F. 2d 940, 941 (3d Cir. 1982).

***The Prison Litigation Reform Act***

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, provides in pertinent part:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

The exhaustion of all administrative remedies is mandatory, even if the prisoner believes the administrative remedies will be ineffective, or available administrative processes cannot grant the desired remedy.  Booth v. Churner, 532 U.S. 731, 739-41 (2001); Porter v. Nussle, 534 U.S. 516, 524 (2002).  In order to comply with the requirements of the PLRA, administrative remedies

must be exhausted prior to a suit in federal court.  Spruill v. Gillis, 372 F.3d 218, 226-27 (3rd Cir. 2004).

The PLRA's exhaustion requirement applies to all inmate suits regardless of the seriousness of the inmates underlying claim.  Porter, supra, 534 U.S. at 532.  In determining whether a prisoner has properly exhausted administrative remedies, the court must evaluate the prisoner's compliance with the prison's administrative regulations governing inmate grievances. Spruill, supra, 372 F.3d at 222.  "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis v. Reno, 204 F.3d 65, 77-78 (3rd Cir. 2000).

The exhaustion requirement demands that a  prisoner be responsible for bringing a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance before the courts are involved.  Spruill, supra, 372 F.3d at 227.  After filing an initial complaint, the inmate is required to carry the grievance process through any available appeals before seeking relief from federal court.  Nyhuis, supra, 204 F. 3d at 67.  An inmate will not have exhausted all administrative remedies until the prisoner has pursued a grievance through each level of appeal available within the prison system.  Spruill, supra, 372 F. 3d at 232.

Here, MCCF has a specific three-tiered administrative grievance procedure in place as set forth in the Inmate Manual which permits inmates to bring forward grievances based upon allegations of unsafe conditions, the violation of facility policy or the violation of civil, constitutional or statutory rights.   See Inmate Manual attached as Exhibit A to the Corrente Certification at §§ 800 to 802 inclusive.   Under the MCCF's grievance procedure, after the

4

appropriate grievance form is submitted by an inmate, it is reviewed by the Grievance Coordinator and is directed to the proper facility personnel for a written response.  Id.  In the event of an adverse decision, inmates are permitted to appeal to the Grievance Committee.  Id.  Thereafter, any determination of the Grievance Committee may be appealed to the Facility Administrator or the Administrator's Designee.

Plaintiff argues that he "attempted to exhaust all administrative remedies available to him to the best of his ability."  Pl. Br. at 2.   Records indicate that Plaintiff filed seventeen (17) initial grievances with the MCCF staff which were assigned grievance numbers.   With the exception of two of his grievances (#S076 and #S092), there is no record of the Plaintiff herein having appealed the denials of his remaining fifteen grievances to the Grievance Committee.  Corrente Certification at ¶ 8.  Although Plaintiff appealed two of the seventeen grievances, there is no record of Plaintiff having appealed the adverse determinations on those two appeals to the Facility Administrator or the Administrator's Designee pursuant to the requirements under the MCCF Inmate Manual.  Id. at ¶ 9.  In order to exhaust all administrative remedies, Plaintiff had to appeal his grievance denials through each level of the appeals process within the prison.  Spruill, supra, 372 F.3d at 232; Nyhuis, supra, 204 F. 3d at 67.

Plaintiff's Brief refers to an application he made to a state court judge, letters written to the Warden of MCCF, the Sheriff of Morris County, the New Jersey Department of Corrections and this Court as well as other tort claims against MCCF.  However, these attempts are outside or beyond the administrative remedies available to Plaintiff as they do not comport with the required MCCF grievance procedure.  Where a grievance procedure is set forth in an inmate handbook, a

prisoner is required to avail himself of those administrative remedies in order to satisfy the

mandatory exhaustion requirement of the PLRA.  Concepcion v. Morton, 306 F. 3d 1347, 1354-

55 (3rd Cir. 2002) (reversing the district court's decision and directing dismissal of state court

prisoner's complaint for failure to exhaust administrative remedies pursuant to § 1997e(a) despite

the fact that inmate handbook had not formerly adopted by New Jersey Department of

Corrections).  In so holding, the Court in Concepcion, supra, found that the grievance procedure

described in the inmate handbook constitued an "administrative remedy" for the purposes of §

1997e(a).  Accordingly, MCCF's Inmate Handbook constitutes the "administrative remedy" of

which Plaintiff was required to avail himself before filing suit.

Plaintiff also argues that his claims are constitutional violations and therefore do not

involve "mere prison conditions" within the purview of the PLRA.  Pl. Br. at 4.  Plaintiff asserts

that with the exception of his claim for provision of an inadequate diet, his remaining three claims

(strip searches, access to courts and interference with legal mail) are constitutional violations that

"[d]o not deal with 'prison conditions' stated in § 1997e(a).  Id.  However, this argument is

contrary to the rulings of the Supreme Court of the United States.  In Porter v. Nussel, supra, an

inmate alleged that the PLRA only governed conditions effecting all prisoners, and the exhaustion

requirement did not apply to single incidents such as excessive use of force by a guard.  In

unanimously declining to adopt this  bifurcated approach, the Supreme Court  held:

> ...the PLRA's exhaustion requirement applies to all inmate suits about
> prison life, whether they involve general circumstances or particular
> episodes and whether they allege excessive force or some other wrong.

[Porter, supra, 534 U.S. at 532].

6

The Court considered congress's intent to "reduce the quantity and improve the quality of prisoner suits" in adopting an expansive interpretation of "prison conditions." <u>Porter</u>, <u>supra</u>, 534 U.S. at 525.  Consequently all inmate suits are subject to the PLRA's exhaustion requirement. Therefore,  Plaintiff's Amended Complaint must be dismissed because all administrative remedies have not been exhausted as is required by the Prison Litigation Reform Act.  42 U.S.C. § 1197 e(a).   Consequently, Plaintiff's Application For Pro Bono Counsel  in this matter need not be addressed at this time.

**Conclusion**

For the reasons stated, it is the finding of this Court that the Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.


Date:         February 22, 2007
Orig.:        Clerk
cc:           Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File